IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01537-PAB-SKC

TINA MASON,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on defendant's Motion to Dismiss [Docket No. 14].[1] Defendant seeks an order dismissing plaintiff's complaint, Docket No. 5, without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Fed. R. Civ. P. 8(a)(2) and (d)(1). Docket No. 14 at 1.

    This case arises out of a dispute over insurance coverage. Plaintiff Tina Mason alleges that she suffered injuries as a result of a car accident in October of 2014. Docket No. 5 at 2-3, ¶¶ 4, 19. At the time of the accident, plaintiff was insured by one or more auto insurance policies issued by defendant. *Id*. at 3 ¶ 20. Plaintiff alleges that defendant has failed to fully compensate her for her injuries as required by the relevant insurance policies. *Id*. at 14, ¶ 123.

---

[1] At the time the motion was filed, American Family Mutual Insurance Company and American Family Insurance Company were also defendants; however, plaintiff voluntarily dismissed these defendants by notice while this motion was pending. Docket No. 27.

On May 4, 2019, plaintiff filed this lawsuit in the District Court for the City and County of Denver, Colorado. Docket No. 1-1.[2] The complaint alleges, in some detail, plaintiff's medical history arising out of the accident and her dealings with defendant as she attempted to claim her insurance benefits. Docket No. 5 at 3-14, ¶¶ 25-123. The complaint is seventeen single-spaced pages long and contains 120 paragraphs of "general allegations." *Id*. at 2-14, ¶¶ 4-123. Plaintiff brings claims for common-law breach of contract, common-law breach of an insurance contract, and unreasonable delay and denial of insurance benefits in violation of Colo. Rev. Stat. §§ 10-3-1115(1)(a) and 1116(1). *Id*. at 15-17, ¶¶ 124-143.

Defendant moves for dismissal of the complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Accordingly, Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) requires each allegation in the complaint to be "simple, concise, and direct." Dismissal of a complaint without prejudice for failure to comply with Rule 8 is "within the sound discretion of the trial court." *Carbajal v. City and Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (citing *Atkins v. Nw. Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992)).

---

[2] Defendants subsequently removed the case to this Court. Docket No. 1.

Defendant objects to the complaint primarily on the basis that the "general allegations" are excessively detailed. Docket No. 14. Defendant's analysis of the complaint is cursory, complaining that plaintiff's allegations fail to "achiev[e] brevity, simplicity, or clarity" and arguing that the complaint "should have been reduced to . . . a small number of simply-worded allegations." *Id*. at 6-7.

The Court is not persuaded that the complaint violates Rule 8. A complaint violates Rule 8 when it is "virtually impossible to understand" or "completely lacking in clarity and intelligibility." *See Mitchell v. City of Colo. Springs, Colo.*, 194 F. App'x 497, 498 (10th Cir. 2006); *see also Mann*, 477 F.3d at 1148 (describing a complaint as violating Rule 8 if it "neither identifies a concrete legal theory nor targets a particular defendant"). The complaint in this case is far from that standard. Defendant compares plaintiff's complaint to the complaint in *Ausherman v. Stump*, 643 F.2d 715 (10th Cir. 1981), but that comparison does not help its cause. *See* Docket No. 14 at 6. The *Ausherman* complaint "consist[ed] of sixty-three pages, with nine pages of attachments," and consisted of a "rambling narration" that was "difficult to follow," and "commingled" the various causes of action. *Ausherman*, 643 F.2d at 716-17. By contrast, plaintiff's complaint is seventeen pages long, contains a coherent narrative, and clearly articulates its three causes of action. *See generally* Docket No. 5. Defendant does not offer authority indicating that Rule 8 requires plaintiff to construct her complaint with only that factual detail that defendant believes is necessary. *Cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (for purposes of establishing federal jurisdiction, plaintiff is the master of her complaint). Although the complaint may

3

contain somewhat more detail than defendant believes is strictly necessary to sustain plaintiff's claims, the Court is satisfied that the complaint is compliant with Rule 8.³  It is therefore

    **ORDERED** that defendant's Motion to Dismiss [Docket No. 14] is **DENIED**.

    DATED March 9, 2020.

                                  BY THE COURT:

                                  PHILIP A. BRIMMER
                                  Chief United States District Judge

---

³ Additionally, the Court notes that the motion violates D.C.COLO.L.CivR 7.1(a), which requires counsel for the moving party to describe in the motion what "reasonable good faith efforts to confer with any opposing counsel" he or she undertook before filing the motion. Because defendants bring the motion under Fed. R. Civ. P. 41, it does not fall into any of the exceptions to the duty to confer outlined in D.C.COLO.L.CivR 7.1(b). The issue that defendant raises in this motion is exactly the sort that could be resolved through meaningful conferral instead of motion practice. *See* Arthur R. Miller et al., 5 *Federal Practice & Procedure* § 1281 (3d ed. Aug. 2019 update) ("[T]here is a general antipathy toward motion practice that is designed simply to polish the pleadings.").