IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-01537-PAB-SKC

TINA MASON,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESSES [#60]

    The Parties are dramatic in describing the matter before the Court in their briefs. Stepping back from the drama, on July 10, 2019, this Court limited the parties to five expert witnesses each. [#23]. The transcript of the July 20, 2019 Scheduling Conference reflects this limitation pertained to "specially retained" expert witnesses. [#80-1 at p.14.] Plaintiff timely designated five retained expert witnesses on March 20, 2020, in addition to 16 treating physicians or others as non-retained expert witnesses. Defendant did not designate affirmative expert witnesses. It instead designated seven rebuttal expert witnesses by the Court's June 1, 2020 extended deadline. Defendant did not seek leave of Court to exceed the five-retained-expert limitation.

    Plaintiff's Motion to Strike [#60] is now before the Court. She seeks an order striking all Defendant's rebuttal expert witnesses because she argues they are affirmative

1

experts masquerading as rebuttals. She further argues to the extent the Court allows these experts, at least two must be stricken for exceeding the five-expert limitation. Defendant argues its experts are proper rebuttal experts. It further appears to argue that its designation of seven experts instead of five was somehow justified by the significant number of non-retained experts Plaintiff designated. At the same time, Defendant concedes "in hindsight, the issue should have been raised with the Court at the time Plaintiff made her expert disclosures . . .." [#73.]

The presiding judge referred the Motion to Strike to the magistrate judge. The Court has reviewed the Motion to Strike, the related briefing and plentiful exhibit attachments, applicable case law, and the docket. No hearing is necessary.

## A. ANALYSIS

This case involves Plaintiff's claims for breach of contract, common law bad faith, and statutory delay and denial pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116 arising from an automobile accident and subsequent insurance claim. Plaintiff claims she was involved in an automobile accident with an underinsured motorist and she suffered a host of injuries.

**1.    Five v. Seven Retained Experts**

Federal Rule of Civil Procedure 16(f) states "the court may issue any just orders, including those authorized by Rule 37 (b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." The Tenth Circuit has explained, "there can be no doubt that [Rule 16(f)] indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from

2

contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc). "The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court." *Id.* at 1441.

Rule 16(b) provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rather than focusing on bad faith of the movant or prejudice to the opposing party, the "good cause" inquiry focuses on the diligence of the party seeking amendment. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The court may sanction a party, including but not limited to striking the subject disclosure, when a party fails to abide by the court's scheduling order. Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(ii)-(vii).

Similarly, Rule 37(c) provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d

985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

Defendant designated seven retained expert witnesses in derogation of the limit of five provided in the Scheduling Order. Defendant has shown no cause whatsoever because it never sought leave of Court to exceed the limits set forth in the Scheduling Order. Instead, it skirted its obligation by simply serving expert witness designations exceeding the limit set by the Court. The tactic is more dubious considering Defendant has previously sought leave of Court to modify the Scheduling Order in other regards, thus evidencing it understands how to comply with court orders and how to seek relief of court when needed.

Defendant never sought leave of court to designate more than five retained expert witnesses. Therefore, the Court need not reach the analysis under *Woodworker's Supply*. Defendant concedes "[i]n hindsight, the issue should have been raised with the Court at the time Plaintiff made her expert disclosures . . .." The Court agrees. Defendant did not raise the issue at all until its Response to the Motion to Strike. This too is improper under the local rules of practice. D.C.COLO.LCrR 12.2 ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

For these reasons, the Motion to Strike is GRANTED to the extent it seeks to limit Defendant to five retained expert witnesses.

**2.      Defendant's Rebuttal v. Affirmative Expert Witness Designations**

Trial courts maintain discretion to rule on the admissibility of rebuttal testimony. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000); *Grant v. Brandt*, 796 F.2d 351, 356 (10th Cir. 1986). Affirmative experts are those who are typically designated by the party who bears the burden of proof on an issue. *Anderson v. Seven Falls Co.*, No. 12–cv–01490–RM–CBS, 2013 WL 3771300, at *6 (D. Colo. July 18, 2013) (citing Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26). Rebuttal experts, on the other hand, are those "intended solely to contradict or rebut evidence on the same subject matter identified" by affirmative experts. Fed. R. Civ. P. 26(a)(2)(D)(ii); *E.E.O.C. v. JBS USA, LLC*, No. 10–cv–02103–PAB–KLM, 2013 WL 3302429, at * 6 (D. Colo. July 1, 2013). Rebuttal experts cannot "put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Spring Creek Expl. & Prod. Co., LLC, v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. April 21, 2016) (internal quotation marks omitted). Individuals designated only as rebuttal experts may present limited testimony, may not testify as part of a party's case-in-chief, and cannot testify "unless and until" the testimony they were designated to rebut is given at trial. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008); *see also Johnson v. Grays Harbor Cmty. Hosp.*, No. C06–5502BHS, 2007 WL 4510313, at *2 (W.D. Wash. Dec. 18, 2007) (finding experts designated as rebuttal witnesses would "be permitted only to offer rebuttal testimony at trial").

Plaintiff focuses her challenge on five expert witnesses Defendant designated as rebuttal experts. She did not directly challenge the other two because she did not yet

5

...

have their final reports. This order focuses on those five whose reports Plaintiff attached to the Motion to Strike, including: Lesnak; Reiner; Montoya; Palmeri; and Saltzman.

### A. Initial Observations

Plaintiff concedes these "highly contested" reports indeed contain rebuttal opinions. [#60 at p.3 ¶7.] She herself describes the reports as "a hybrid of mostly affirmative opinions with some rebuttal opinions."[1] [*Id.*] Further, according to Defendant, it "recognizes that, if Plaintiff chooses not to call a particular witness at trial, Defendant cannot call its rebuttal expert in that same area." [#73 at p.4.] Given these positions, it begs the question as to why the parties were unable to stipulate to those opinions which Plaintiff acknowledges are rebuttal opinions in order to narrow this dispute (and the Court's review of multiple the reports) with a mind toward Fed. R. Civ. P. 1. In any event, the Court agrees with Plaintiff that these reports are hybrids. The Court addresses each report below.

### B. Lesnak

As the Court understands it, Defendant designated Lesnak in rebuttal to the numerous treating physicians Plaintiff designated. Lesnak previously reviewed the medical records of Plaintiff's treating physicians and his report contains certain opinions which rebut the opinions of at least some (maybe all) treating physicians. *See Hufford v. Harris Corp.*, 322 F. Supp. 2d 1345, 1359 (M.D. Fla. 2004) (acknowledging in ERISA

---

[1] Since Plaintiff concedes these reports contain some rebuttal, then from a practical standpoint there is no "sandbagging" opportunity as Plaintiff contends because Defendant's experts cannot testify unless and until the testimony they were designated to rebut is given at trial. And their testimony will be limited to rebuttal testimony.

6

context written reports of consultants who have done paper reviews of a party's medical records may rebut the opinions of the treating physicians); *cf. Quintana v. Berryhill*, 1:18-CV-00561 (KHP), 2019 WL 1254663, at *12 (S.D.N.Y. Mar. 19, 2019) (noting in social security disability context "the opinions of consultative examiners who failed to review critical medical documents, alone, could not be used to rebut a treating physician's opinion").

Thus, Lesnak's opinions reflected in his report are proper rebuttal where he does not put forth his own theories, but rather, attacks the theories offered by the treating physicians. *Spring Creek Expl. & Prod. Co., LLC*, 2016 WL 1597529, at *3. Without having the full reports of Plaintiff's treating physicians, it is difficult for the Court to identify Lesnak's specific rebuttal attacks. It appears to the Court, however, at a minimum his opinions reflected in paragraphs three (including its subparts) through seven on pages 11 – 13 of Lesnak's report sound in rebuttal to opinions of treating physicians reflected in their medical records.

The Motion to Strike is GRANTED to the extent it seeks to strike Lesnak's affirmative opinions. It is DENIED to the extent of Lesnak's rebuttal opinions.

### C.     Reiner, Montoya, Palmeri, Saltzman

The same analysis pertains to these experts. Portions of their respective reports offer affirmative opinions that are not allowed, while other portions rebut an expert designated by Plaintiff.

For example, and at a minimum, the following opinions are rebuttal:

<u>Reiner's Report</u>: His opinions reflected in the last paragraph starting on page five of his report carrying over to page six; and his opinions in the last

7

paragraph on page six starting 13 lines down with "I also believe. . ." and ending with ". . . unlikely to be related to the accident."

Montoya's Report: Her opinions (scattered about her report) which express disagreement with Mr. Hartwick's opinions and findings, including her opinions which express her differing view of the opinions of Dr. Perrillo that Mr. Hartwick relied on.

Palmeri's Report: His opinions on page 14.

Saltzman's Report: His opinions (scattered about the report) which express disagreement with the Opp's report, excluding Saltzman's own calculations of lost earnings or other values.

Of course, the basis and reasons for the rebuttal opinions is also proper as may be reflected in their respective reports. But what is not proper are any affirmative opinions or other opinions which do not serve to attack the theories or opinions of one of Plaintiff's affirmative experts.[2] *See Lindner*, 249 F.R.D. at 636; *Johnson*, 2007 WL 4510313, at *2.

\* \* \*

This is not a scenario of a party designating "rebuttal" experts who only offer affirmative opinions. *Cf. Stephenson v. Wyeth, LLC*, No. 04-2312-CM, 2011 WL 4900039, at *2 (D. Kan. Oct. 14, 2011) ("The Court believes that Dr. Gann is not truly functioning as a rebuttal expert."). Based on the above, it is ORDERED the Motion to Strike is GRANTED IN PART and DENIED IN PART.[3] It is FURTHER ORDERED as follows:

---

[2] Plaintiffs additional theory of "concealment" and "coordination" among Defendant's experts, to the extent valid, may go to the weight of the opinions or the credibility of the experts but otherwise does not directly bear on the analysis of whether the reports contain true rebuttal opinions.

[3] Nothing in this Order should be construed as ruling on the admissibility of any opinions. This Order solely addresses whether Defendant has properly designated rebuttal experts under Rule 26(a)(2) for discovery purposes.

8

1. Defendant is limited to five retained expert witnesses without leave of Court;[4]

2. Dr. Meyers' designation is STRICKEN because it exceeds the five-expert limitation and Defendant previously proposed withdrawing this expert;

3. affirmative opinions expressed in the above-discussed expert reports are STRICKEN;

4. rebuttal opinions expressed in the above-discussed expert reports were properly disclosed by Defendant and will not be stricken; and

5. the parties shall confer and file an amended proposed final pretrial order within 14 days of this Order.

DATED: October 8, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

---

[4] The Court gives leave for Defendant to determine the five rebuttal witnesses it will have testify at trial.